UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YENER VAHIT BELLI,**

    Petitioner,

v.                                                         Case No. 8:19-cv-2353-T-33AEP
                                                                        8:11-cr-307-T-33AEP

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**<u>ORDER</u>**

    This cause comes before the Court on Petitioner Yener Vahit Belli's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Civ. Doc. 1. Also before the Court is the United States' Motion to Dismiss Belli's Section 2255 Motion, Belli's Response to the United States' Motion to Dismiss, the United States' Reply, and Belli's Sur-Reply. Civ. Docs. 8, 9, 18, and 21. For the reasons stated herein, the Court concludes that it lacks jurisdiction to consider Belli's Section 2255 Motion.

**I.     Background**

    Belli pleaded guilty, pursuant to a written plea agreement, to two counts of using and brandishing a firearm during and in relation to a crime of violence, specifically Hobbs Act robbery, in violation of 18 U.S.C. Section 924(c)(1)(A). Crim. Doc. 88. Belli agreed to cooperate with the United States, and the United States agreed to consider whether such cooperation qualified as "substantial assistance" warranting the filing of a Rule 35(b) motion for a reduction of sentence within one year of sentencing. *Id.* at 4. The determination whether

substantial assistance was provided "rest[ed] solely with the United States," and Belli could "not challenge that determination, whether by appeal, collateral attack, or otherwise." *Id.*

During his change-of-plea hearing, Belli confirmed that he faced a mandatory-minimum sentence of 32 years and that he was "hold[ing] out to get some additional reduction" to his sentence based on his cooperation. Crim. Doc. 101 at 22–25. Belli acknowledged that he had no questions about the substantial assistance provision in his plea agreement and that he understood that a Rule 35 sentence reduction was not guaranteed. *Id.* at 33–34.

At sentencing in January 2013, Belli was represented by the late Barry Cohen and Kevin Darken. Mr. Cohen stated that he hoped Belli would be "coming back before Your Honor hopefully within a period of time that the law permits us to come back . . . for reconsideration of [Belli's sentence]." Crim. Doc. 120 at 19. Belli was sentenced to 32 years' imprisonment. *Id.*

Belli did not appeal. Instead, in June 2016, Belli filed an initial Section 2255 motion, with the assistance of retained counsel, in which he argued that his convictions should be vacated because the predicate offense of Hobbs Act robbery no longer qualified as a crime of violence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Case No. 8:16-cv-1743-T-33TBM. The Court denied that motion as meritless, finding that Hobbs Act robbery remained a crime of violence regardless of *Johnson*. Crim. Doc. 112. Belli appealed the denial of his initial Section 2255 motion, but his appeal was voluntarily dismissed.

**II.   Discussion**

Belli has now filed a second Section 2255 motion with the assistance of Mr. Darkin. Belli contends that his conviction must be vacated because Mr. Cohen induced him to enter an involuntary guilty plea "by falsely promising and guaranteeing" he would receive a Rule 35 sentence reduction. Civ. Doc. 1 at 4. He further contends that "it was not until Mr. Cohen died

2

on September 22, 2018, that the falsity of the promise he made to induce [the guilty plea] could have been discovered through the exercise of due diligence." *Id.* at 9. To support his claim, Belli provides affidavits from his mother, his brother, and himself in which they each state that Mr. Cohen assured them, as late as the summer of 2018, that he was "still working" on the Rule 35 sentence reduction. *Id.* Belli contends that the affidavits, at a minimum, require the Court to hold an evidentiary hearing on his motion. *Id.* at Ex. 1 at 3–4.

The United States contends that the Court lacks jurisdiction to consider the merits of Belli's second Section 2255 motion because Belli has not obtained certification from the Eleventh Circuit Court of Appeals authorizing him to file a second or successive Section 2255 motion. Civ. Doc. 8. Belli responds that his motion is not second or successive because the factual predicate for the motion did not arise until Mr. Cohen's death in September 2018, at which time Mr. Cohen's promise to Belli that he would obtain a Rule 35 sentence reduction was broken. Civ. Doc. 9.

Generally, a federal prisoner may attack his conviction and sentence by filing a single motion under 28 U.S.C. Section 2255:

> Only a single § 2255 motion is authorized and successive attempts at relief are limited. If a court determines that a § 2255 motion is "second or successive," the motion must be certified by the court of appeals before the district court may reach the merits of the motion.
>
> However, the phrase second or successive is not self-defining and it does not refer to all habeas petitions filed second or successively in time. Instead, the bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so.

*Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) (citations omitted). The restrictions on second or successive motions "are meant to forestall abuse of the writ of habeas corpus,

3

by . . . barring successive motions raising habeas claims that could have been raised in earlier motions where there was no legitimate excuse for failure to do so." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011).

Belli erroneously relies on Mr. Cohen's death in September 2018 as the factual predicate for his current Section 2255 motion. Rather, the factual predicate for Belli's motion was the lack of a timely Rule 35 motion. Under Federal Rule of Criminal Procedure 35(b)(1) (emphasis added), the Court may reduce a sentence "[u]pon the government's motion made *within one year of sentencing* . . . if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Consistent with that rule, the parties agreed in Belli's plea agreement that the United States would consider whether Belli's cooperation qualified as substantial assistance that warranted a sentence reduction "*within one year* of the imposition of sentence." Crim. Doc. 88 at 4 (emphasis added).

Belli was sentenced in January 2013. One year later, in January 2014, Belli was on notice that the United States had not filed a Rule 35 motion for a sentence reduction. Despite knowing that a timely Rule 35 motion had not been filed, Belli did not raise his claim of ineffective assistance of counsel in his initial Section 2255 motion that he filed in 2016. Accordingly, Belli has failed to demonstrate he exercised due diligence in asserting his ineffective assistance claim because the facts supporting the claim were available when he filed his initial Section 2255 motion. *See Feas v. United States*, 701 F. App'x 768, 770 (11th Cir. 2017) (ruling that the district court lacked jurisdiction to consider a second or successive petition because "the essential facts underlying [the] claim were available" when the first Section 2255 motion was filed).

Furthermore, even assuming Mr. Cohen promised Belli he would obtain a Rule 35 motion as late as September 2018, Belli's reliance on such statement was unreasonable because such promise would have directly contradicted the rule and the plea agreement. Belli has not demonstrated that his claim falls within the small subset of claims that should not be categorized as successive. *See Stewart*, 646 F.3d at 863 (recognizing that there are "a small subset of unavailable claims that must not be categorized as successive" that involve previously unavailable facts). Without authorization from the Eleventh Circuit to consider Belli's second or successive Section 2255 motion, this Court lacks jurisdiction to consider the motion, and it must be dismissed. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 201103).

### III. Conclusion

Accordingly, because Belli's Section 2255 petition is an unauthorized, second or successive Section 2255 motion, the United States' Motion to Dismiss is **GRANTED**, and this case is **DISMISSED**. The Clerk is directed to docket this order in the criminal case, to close the civil case, and to terminate Belli's Section 2255 motion.

Finally, because the Court "lacks subject matter jurisdiction to consider [the second or successive petition], it also lacks jurisdiction to grant a [certificate of appealability.]" *Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of June, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE