UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YENER VAHIT BELLI,**

    Petitioner,

v.                                        Case No. 8:19-cv-2353-T-33AEP
                                               8:11-cr-307-T-33AEP

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## **ORDER**

This cause comes before the Court on Petitioner Yener Vahit Belli's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 60(b). Civ. Doc. 23. In support of his motion, Belli filed supplemental declarations and legal authority. Civ. Docs. 26 and 30. The United States filed a response in opposition. Civ. Doc. 27.

**I.  Background**

On September 20, 2019, Belli filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. Section 2255. Civ. Doc. 1. Belli raised a single ground for relief, that his counsel induced him to enter an involuntary guilty plea "by falsely promising and guaranteeing Defendant Belli that he would get the Government to file a Rule 35 Motion for reduced sentence." *Id.* at 4. This motion was Belli's second Section 2255 motion, and he had not first obtained authorization from the Eleventh Circuit Court of Appeals to file the motion. Therefore, the United States moved to dismiss the motion on this ground. Civ. Doc. 8.

Belli responded that his motion was not an unauthorized second or successive motion because the factual predicate for the motion did not exist when he filed his first Section 2255

motion. Civ. Doc. 9. He argued that "the factual predicate . . . did not arise until [counsel's] death in September 2018, when [counsel] thereby violated the promise . . . that at some point he would obtain a Rule 35 motion from the Government." *Id.* at 3. The United States replied, and Belli filed a sur-reply. Civ. Docs. 18 and 21.

On June 9, 2020, the Court dismissed Belli's Section 2255 motion as an unauthorized second or successive Section 2255 motion. Civ. Doc. 22. The Court reasoned that "the factual predicate for Belli's motion was the lack of a timely Rule 35 motion" and that "Belli was on notice that the United States had not filed a Rule 35 motion for a sentence reduction" when he filed his initial Section 2255 motion. *Id.* at 4.

On June 23, 2020, Belli filed the instant motion to reconsider the Court's ruling. Civ. Doc. 23. Subsequently, on August 7, 2020, Belli filed a Notice of Appeal and Application to the Eleventh Circuit Court of Appeals for a Certificate of Appealability. Civ. Doc. 29. The filing of a notice of appeal "does not prevent the district court from taking action in furtherance of the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (quotations omitted).

**II. Discussion**

The decision whether to grant or deny a motion to reconsider is "a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996)). A motion to reconsider must demonstrate why the court should reconsider its decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993). "In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480,

489 (M.D. Fla. 1999).  A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of [the court's order]."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citations omitted).  Belli premises his motion on "mistake" or "inadvertence" under Rule 60(b)(1) and under the catch-all provision of Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief."

First, Belli argues that the Court "overlooked the distinction between Federal Rule of Criminal Procedure 35(b)(1) and 35(b)(2) and the impact of the plea agreement."  Belli argues that counsel's promise was to obtain a Rule 35 sentence reduction motion at some point, and that Rule 35(b)(2) provides a legal mechanism by which counsel could have fulfilled that promise more than one year after Belli's sentencing.  He further argues that the plea agreement did not preclude the United States from filing a Rule 35 motion more than one year after sentencing, and that the Court failed to address Rule 35(b)(2).

Belli's current argument—that Rule 35(b)(2) provides a legal mechanism by which counsel could have fulfilled his promise to obtain a Rule 35 sentence reduction motion at some point—is a variation of his arguments in previous filings, which instead focused on identifying the true factual predicate for his Section 2255 motion.  Belli did not specifically reference subsection (b)(2) of the rule in his Section 2255 motion, in his memorandum of law filed by counsel in support of his motion, or in his response to the United States' motion to dismiss.  In his sur-reply, Belli quoted subsection (b)(2); however, he referenced the subsection in the context of whether Belli, who is a college-educated man, knew that there are time limitations on a Rule 35 motion.  Civ. Doc. 21 at 2.  A motion for reconsideration "cannot be used to relitigate old matters[ or] raise argument . . . that could have been raised prior to the entry of [the court's

3

order]." *Arthur,* 500 F.3d at 1343; *see also Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citations omitted) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.  A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation.").

The parties agreed in the plea agreement that "[i]f the cooperation is completed *subsequent to sentencing*," the United States would consider whether such cooperation would warrant the filing of a Rule 35(b) motion "*within one year of the imposition of sentence*."  Crim. Doc. 88 at 4 (emphasis added).  The parties also agreed that "[t]his plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea." *Id.* at 88. The plea agreement does not contemplate a Rule 35(b) motion more than one year after sentencing.  And, Belli did not assert—and still has not asserted—that he provided any useful information to the United States that would trigger Rule 35(b)(2).  So, while Belli correctly asserts there is a legal mechanism in Rule 35(b)(2) through which the United States may file a motion for sentence reduction more than one year after sentencing, Belli has not shown that this mechanism applies to him.  The Court did not overlook the distinction between Rules 35(b)(1) and (b)(2); rather, Rule 35(b)(2) is inapplicable.

Belli's second, third, and fourth arguments are related.  Belli argues that "the Court mistakenly misunderstood the true factual predicate for the current 2255 claim[,]" "misunderstood when the true factual predicate for the current § 2255 claim occurred[,]" and "mistakenly held that petitioner failed to demonstrate due diligence in asserting his ineffective

4

assistance of counsel claim." Civ. Doc. 23 at 5, 7 and 8. These arguments are predicated on Belli's assertion that the factual predicate for his second Section 2255 motion was counsel's broken promise—not the lack of a timely Rule 35 motion. These arguments are repetitive of arguments made in previous filings, which the Court has already considered and rejected. "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the court has once determined." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003).

Belli filed two new affidavits with his motion for reconsideration from his mother and brother both of which are dated July 28, 2020. Civ. Doc. 26. These new affidavits are mostly repetitive of their September 18, 2019 affidavits that Belli filed with his Section 2255 motion, which the Court already considered. They do not justify reconsideration of the Court's ruling.

Fifth, Belli argues that "the Court mistakenly held that Petitioner's reliance on his lawyer's promised guarantee of an eventual Rule 35 motion had to be reasonable." Civ. Doc. 23 at 9. He contends that the Court improperly imposed a "reasonable reliance" requirement when it stated: "even assuming Mr. Cohen promised Belli he would obtain a Rule 35 motion as late as September 2018, Belli's reliance on such statement was unreasonable because such promise would have directly contradicted the rule and the plea agreement." He argues that the promise did not contradict the rule because subsection (b)(2) provides for a motion more than one year after sentencing, and because the promise was not inconsistent with the plea agreement.

In response, the United States argues that the Court did not err in considering Belli's reliance on counsel's promise and that it was simply an additional factor that the Court weighed. The United States further argues that, even if the Court had not considered the reasonableness of the promise, the Court's ruling would have been the same. The Court agrees. The Court's

singular sentence concerning the reasonableness of counsel's promise was not central to the Court's ruling.

### III.    Conclusion

Accordingly, for the reasons stated herein, Belli's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure 60(b) (Civ. Doc. 23) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of August, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE